UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WADE M. GAYLE,

    Plaintiff,

v.                                        Case No: 6:24-cv-1653-JSS-EJK

RN FOOTMAN OF YESCARE
CORP., YESCARE CORP., and
BREVARD COUNTY JAIL,

    Defendants.
_____/

## ORDER

Plaintiff, a prisoner proceeding pro se, has filed an amended complaint (Dkt. 4) and a motion to proceed in forma pauperis (Dkt. 5). For the reasons outlined below, the amended complaint (Dkt. 4) is dismissed with prejudice, and the motion (Dkt. 5) is thus denied as moot.

## BACKGROUND

Plaintiff initiated this case in September 2024 by filling out and filing a form complaint for claims under 42 U.S.C. § 1983. (Dkt. 1.) On September 17, 2024, the court identified deficiencies with the initial complaint and allowed Plaintiff to file an amended complaint. (Dkt. 3.) In the amended complaint, Plaintiff brings section 1983 claims against an individual identified as "RN Footman of YesCare Corp." as well as against YesCare Corp. itself and the Brevard County Jail, where Plaintiff is incarcerated. (Dkt. 4 at 2–3.) Plaintiff alleges that while in custody at the jail in August

2024, he received the "wrong medication," (*id.* at 4), and suffered "rectal bleeding, blood in [his] urine, poor [and deteriorating] vision, [and] ongoing migraines," (*id.* at 5). Accordingly, he asserts that he was subjected to "medical negligence" and was thus denied the right "to proper medical care." (*Id.* at 3.) As relief, he seeks compensatory damages. (*Id.*)

## APPLICABLE STANDARDS

In the amended complaint, Plaintiff seeks redress from a governmental entity or employee. (*See id. passim*.) Under 28 U.S.C. § 1915A(a), the court must screen such a prisoner civil rights complaint as soon as practicable. "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if" it is "frivolous" or "malicious," it "fails to state a claim," or it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Pro se complaints are construed liberally, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Dean v. Barber*, 951 F.2d 1210, 1213 (11th Cir. 1992), but must comply with procedural rules, *see McNeil v. United States*, 508 U.S. 106, 113 (1993); *Bilal v. Driver*, 251 F.3d 1346, 1347 n.1 (11th Cir. 2001). To state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "To state a claim under section 1983, [a complaint] must

allege that an act or omission, committed by a person acting under color of state law, deprived [the plaintiff] of a right, privilege, or immunity secured by the Constitution or a federal statute." *A.W. v. Coweta Cnty. Sch. Dist.*, 110 F.4th 1309, 1315 (11th Cir. 2024).

## ANALYSIS

The court first addresses the claims against YesCare Corp. and the Brevard County Jail and then discusses the claims against RN Footman of YesCare Corp.

### 1. YesCare Corp. and the Brevard County Jail

The only allegations against YesCare Corp. and the Brevard County Jail in the amended complaint are that the jail "employ[ed] YesCare" and that YesCare "employ[ed] inadequate workers." (Dkt. 4 at 4.) Plaintiff does not indicate the federal constitutional or statutory rights that YesCare or the jail violated. Such vague and conclusory allegations, without more, are insufficient to state a cognizable claim under section 1983. *See Rosa v. Fla. Dep't of Corr.*, 522 F. App'x 710, 715 (11th Cir. 2013) (explaining that "vague and conclusory allegations" were "insufficient to state a claim for relief"). Moreover, given these bare allegations of employment, any conceivable liability for YesCare and the jail would be based on the doctrine of respondeat superior, which has been rejected as a theory of recovery under section 1983. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Accordingly, the claims against YesCare and the jail are dismissed for failure to state a claim. Because leave to amend would be futile, the dismissal is with prejudice. *See Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084, 1102 (11th Cir. 2021) ("[D]enial of leave to amend is justified by futility when the complaint

as amended is still subject to dismissal." (quoting *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999))).

### 2. RN Footman of YesCare Corp.

The only allegation against RN Footman of YesCare Corp. in the amended complaint is that RN Footman "administered [the] wrong medication" to Plaintiff. (Dkt. 4 at 4.) As before, Plaintiff does not indicate the federal constitutional or statutory rights that RN Footman violated, and such a vague and conclusory allegation does not suffice to state a claim. *See Rosa*, 522 F. App'x at 715. To the extent that Plaintiff attempts to state a constitutional claim for deliberate indifference to serious medical needs, he fails because he asserts "medical negligence." (Dkt. 4 at 3.) *See Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) ("Mere incidents of negligence or malpractice do not rise to the level of constitutional violations."); *Smith v. Reg'l Dir. of Fla. Dep't of Corr.*, 368 F. App'x 9, 14 (11th Cir. 2010) ("[S]imple negligence is not actionable under [section] 1983, and a plaintiff must allege a conscious or callous indifference to a prisoner's rights." (quotation omitted)). Accordingly, the claims against RN Footman are dismissed for failure to state a claim. Because leave to amend would be futile, the dismissal is with prejudice. *See Marrache*, 17 F.4th at 1102.

## CONCLUSION

Accordingly:

1. The amended complaint (Dkt. 4) is **DISMISSED with prejudice**.

2. The motion to proceed in forma pauperis (Dkt. 5) is **DENIED as moot**.

3. The Clerk of the Court is **DIRECTED** to enter judgment accordingly and to close this case.

**ORDERED** in Orlando, Florida, on October 17, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Parties